Altman v New York City Dept. of Educ.

2026 NY Slip Op 02151

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Katie Altman Formerly Known as Katie Altman, Plaintiff-Appellant,

v

New York City Department of Education, Defendant-Respondent.

Decided and Entered: April 09, 2026

Index No. 154185/24|Appeal No. 6038|Case No. 2025-04037|

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ.

Schwartz Perry & Heller LLP, New York (Brian Heller of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 28, 2025, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, an assistant principal at all times relevant to this action, commenced this action alleging that defendant retaliated against her after she reported a violation of Social Services Law § 413 by her then-principal, and that she ultimately was constructively discharged. She asserts a claim pursuant to Civil Service Law § 75-b (2) (a), alleging that defendant dismissed or took other disciplinary or other adverse personnel action against her because of her report. However, a public employee may be required to arbitrate such a claim where she "is subject to dismissal or other disciplinary action under a final and binding arbitration provision" (id. subd 3 [a]) or where she "is subject to a collectively negotiated agreement which contains provisions preventing an employer from taking adverse personnel actions and which contains a final and binding arbitration provision to resolve alleged violations of such provisions of the agreement" (id. subd 3 [b]).

Pursuant to the terms of the collective bargaining agreement (CBA) between plaintiff's union and defendant, grievances which are not resolved after a two-step internal process must be submitted to arbitration. The CBA defines a "grievance," as relevant here, as "[a] complaint by a supervisor covered by this Agreement that there has been as to him/her a violation, misinterpretation or inequitable application of any of the provisions of this Agreement." A subsequent Memorandum of Agreement (MOA) between plaintiff's union and defendant, which by its terms became part and parcel of the CBA, added an antiretaliation provision that provides, among other things, "The harassment, intimidation, retaliation and discrimination of any kind because an employee in good faith raises a concern or reports a violation or suspected violation of any Department policy, rule/law/regulation or contractual provision . . . is prohibited."

Since the MOA is incorporated into the CBA, plaintiff's claims of retaliation in violation of the MOA's antiretaliation provision constitute a grievance under the CBA. Accordingly, plaintiff was required to grieve her complaint before commencing this action, and Supreme Court properly granted defendant's motion to dismiss based on plaintiff's failure to exhaust her administrative remedies. Indeed, plaintiff's course of conduct in demanding arbitration, citing to the CBA's grievance procedures and the
MOA's antiretaliation provision, confirms that the arbitration of the claim was required (see generally e.g. Matter of Bank of N.Y. Mellon, 202 AD3d 465, 466 [1st Dept 2022]).

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026